[No. 1665.  Decided March 16, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. OTTO
STUTH, *Appellant*.

DISTURBING RELIGIOUS SOCIETY — SUFFICIENCY OF INFORMATION—
STATUTE — VALIDITY OF — CONSTRUCTION.

The failure to charge the disturbance of a religious society as hav-
ing been done wilfully will not render the information insufficient,
if other words of the same import are used.

Sec. 95, Penal Code, providing for the punishment of those guilty
of disturbing a religious society is not void for uncertainty, the word
"disturb," having a well known legal significance.

The words "religious society," as used in § 95, Penal Code, in-
clude all religious societies or congregations which meet for public
worship, without regard to their being incorporated.

*Appeal from Superior Court, Thurston County.*

*John C. Kleber,* for appellant.

*Milo A. Root, Prosecuting Attorney,* for the state.

The opinion of the court was delivered by

Scott, J.—The appellant was convicted, under § 95 of the Penal Code, of disturbing a religious society. The information, omitting the formal parts, is as follows:

"Comes now Milo A. Root, county and prosecuting attorney for Thurston county, Washington, and the court being in session and the grand jury not being in session, and gives the court to understand and be informed that Otto Stuth is guilty of the offense of disturbing a religious society, and the members thereof when met together for public worship, committed as follows, to-wit:

"He, the said Otto Stuth, at Olympia, in Thurston county, Washington, on or about the 13th day of February, 1894, in and near a room then occupied by a large number of persons belonging to a religious society, known as the 'Salvation Army,' did use loud and profane language, and did smoke a cigarette, and did refuse to leave said room when requested so to do by the officer of said society in charge, and did by said language and conduct, disturb said 'Salvation Army' and the members thereof, they then and there being met for public worship."

It is contended that the information is insufficient because it does not charge that the acts were done wilfully, and with intent to cause a disturbance. But leaving out of consideration the question as to whether this was a necessary allegation in the information, the statute not containing the word " wilful," we think the point raised is not well taken. The information

charges that the appellant, in a room occupied by a large number of persons belonging to a religious society, then and there met for public worship, did use loud and profane language, and did smoke a cigarette, and did refuse to leave said room when requested so to do. We are of the opinion that this substantially charges that the acts were done wilfully, and with intent to create a disturbance. It would be unnecessary to use the word "wilful" if other words of the same import are used.

It is further urged that the statute in question is void as relating to the facts involved in this case, on the ground that it fails to define such crime; and decisions of the supreme court of Indiana are cited to support this contention. But these cases were controlled by a constitutional provision which reads as follows:

"Crimes and misdemeanors shall be defined, and punishment therefor fixed by the statutes of the state, and not otherwise."

Our constitution has no such provision. We do not think the statute is so indefinite as to render it void for uncertainty in this particular. The word "disturb" has a well known legal significance.

"Disturbance may be defined to be any conduct which, being contrary to the usages of the particular sort of meeting and class of persons assembled, interferes with its due progress and services, or is annoying to the congregation in whole or in part." 2 Bishop, Cr. Law, § 309.

The words "religious society" as used in the statute have their ordinary meaning, and would include all religious societies or congregations met for public worship, without regard to their being incorporated.

"An ordinary Sunday school, where the Bible and

religious precepts are taught, is a worshipping assembly within these statutes." *Id.*, § 305*a*.

Affirmed.

HOYT, C. J., and DUNBAR and ANDERS, JJ., concur.

GORDON, J., not sitting.