[No. 14987. Department One. December 28, 1918.]

THE STATE OF WASHINGTON, *Respondent*, v.
FRED LOWERY, *Appellant*.[1]

INSURRECTION—CRIMINAL ANARCHY — INFORMATION — SUFFICIENCY.
An information sufficiently charges criminal anarchy where it alleges in concise language the violation of Rem. Code, § 2563, subds. 1 and 4, by advocating the overthrow of organized government by unlawful means, to wit, the organization of the Industrial Workers of the World whose purpose was the anarchistic overthrow of the government, and that defendant was a ·member of and had voluntarily assembled with the organization for such purpose.

CRIMINAL LAW (140)—EVIDENCE—EXECUTION OF COMMON PURPOSE—CRIMINAL ANARCHY—PROPAGANDA. In a prosecution for criminal anarchy by a member of the I. W. W., propaganda issued by authority of the order, some taken from the defendant, is admissible for the purpose of showing the aims and methods of the organization and to prove that it was bent on forcibly and anarchistically overthrowing the government of the United States, and also as declarations of co-conspirators engaged with the defendant, who was shown to be not only associated with but a member of the order.

SAME (139)—HEARSAY—UNOFFICIAL REPORTS. In a prosecution for criminal anarchy by a member of the I. W. W., the report of an unofficial organization or mediation commission appointed by the President of the United States, not connected with the I. W. W., as to its aims and purposes is not admissible, the witness not testifying as to an investigation or report that he had made himself.

SAME (197)—TRIAL—INDORSEMENT OF NAMES OF WITNESSES. The names of witnesses used by the state in rebuttal need not be indorsed on the information.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered June 20, 1918, upon a trial and conviction of criminal anarchy. Affirmed.

*H. E. Foster,* for appellant. Charging an offense in the language of the statute is insufficient where opinions and conclusions are used. *United States v. Hess,* 124 U. S. 483.

[1]Reported in 177 Pac. 355.

The obligation which an initiate in a labor union is required to take is to be construed with reference to the declared purposes of the organization, and is binding only in so far as those purposes are lawful and are to be attained by lawful means; and when such union attempts the accomplishment of an object which is foreign to the purpose for which it is organized, a member is not responsible. *Schneider v. Local Union 60 etc.,* 116 La. 270, 40 South. 700, 114 Am. St. 549, 5 L. R. A. (N. S.) 891; *Thomas v. Mutual Protective Union,* 49 Hun (N. Y.) 171; *Austin v. Searing,* 16 N. Y. 112, 69 Am. Dec. 665; *Gaston v. Drake,* 14 Nev. 175, 33 Am. Rep. 548; *Nichols v. Mudgett,* 32 Vt. 546.

*John I. O'Phelan (Clarence L. Reames,* of counsel), for respondent, contended, *inter alia,* that the charge in the information is direct, positive and sufficient. Rem. Code, § 2055; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818; *Sheridan v. United States,* 236 Fed. 305.

The appellant cannot object to the information in this respect, not having demanded a bill of particulars. 22 Cyc. 371; *State v. Lewis,* 31 Wash. 75, 71 Pac. 778; *State v. Dix,* 33 Wash. 405, 74 Pac. 570; *State v. Owen,* 97 Wash. 466, 166 Pac. 793; *State v. Pierson,* 101 Wash. 318, 172 Pac. 236; *Holmgren v. United States,* 217 U. S. 509; *Connors v. United States,* 158 U. S. 408.

The information being in the language of the statute is sufficient. Rem. Code, §§ 2055, 2065; *Spies v. People,* 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. 320; *Spies v. Illinois,* 123 U. S. 131; *State v. Brummett,* 98 Wash. 182, 167 Pac. 120; *State v. Turner,* 10 Wash. 94, 38 Pac. 864; *State v. Jakubowski,* 77 Wash. 78, 137 Pac. 448; *State v. Martin,* 94 Wash. 313, 162 Pac. 356; *State v. Cotz,* 94 Wash. 163, 161 Pac. 1191; *State v. Bartow,* 95 Wash. 480, 164 Pac. 227; *State v. Richter,*

95 Wash. 544, 164 Pac. 250; *State v. Schuman,* 89
Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 623; *Sheridan
v. United States, supra; Armour Packing Co. v. United
States,* 209 U. S. 56; *Powers v. United States,* 223 U.
S. 303; *Dunbar v. United States,* 156 U. S. 185.

The pamphlets are admissible, because the declarations of those engaged in combination to do an unlawful act are admissible against one another, when such declarations refer to the common object or the means of attaining such common object. *Spies v. People* and *Spies v. Illinois, supra; Wiborg v. United States,* 163 U. S. 632; *St. Clair v. United States,* 154 U. S. 134; *State v. Williams,* 62 Wash. 286, 113 Pac. 780; *State v. Dilley,* 44 Wash. 207, 87 Pac. 136; *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014; *State v. Pettit,* 77 Wash. 67, 137 Pac. 335; *State v. Wappenstein,* 67 Wash. 502, 121 Pac. 989; *Borrego v. Territory,* 8 N. M. 446, 46 Pac. 349.

The court did not err in excluding the report of the mediation commission. 17 Cyc. 421; *Morris v. Harmer,* 7 Pet. (32 U. S.) 554.

The court committed no error in its instructions. *Spies v. People* and *Spies v. Illinois, supra; Edwards v. State,* 69 Neb. 386, 95 N. W. 1038; *State v. Cline,* 27 S. D. 573, 132 N. W. 160; *State v. Martin,* 195 S. W. (Mo.) 731; *People v. Phillips,* 27 Cal. App. 409, 150 Pac. 75; *State v. Ross,* 85 Wash. 218, 147 Pac. 1149.

The instructions on the subject of reasonable doubt were correct. *Barker v. Commonwealth,* 90 Va. 820, 20 S. E. 776; *State v. Krug,* 12 Wash. 288, 41 Pac. 126; *State v. Aurand,* 76 Wash. 529, 136 Pac. 1139; *State v. Quinn,* 56 Wash. 295, 105 Pac. 818; *State v. Harsted,* 66 Wash. 158, 119 Pac. 124; *State v. Wappenstein, supra; State v. Ross,* 85 Wash. 218, 147 Pac. 1149.

MACKINTOSH, J.—The defendant was convicted of the crime of criminal anarchy. Section 2563, Rem. Code, provides that every person who:

"(1)  By word of mouth or writing shall advocate, advise or teach the duty, necessity or propriety of overthrowing or overturning organized government by force or violence, or by assassination of the executive head or of any of the executive officials of government, or by any unlawful means; or . . .

"(4)  Shall organize or help to organize or become a member of or voluntarily assemble with any society, group or assembly of persons formed to teach or advocate such doctrine . . ."

shall be guilty of criminal anarchy.

The information was as follows:

"That they, the said Fred Lowery and Charlie Brown, the defendants above named, on or about the 23d day of March, 1918, in Pacific county, Washington, then and there being, did then and there willfully, wrongfully, feloniously and anarchistically advocate, teach and advise the duty, necessity and propriety of overthrowing and overturning the organized government of the United States of America, by the unlawful means of an organization known as the Industrial Workers of the World, the aim, object and purpose of which said Industrial Workers of the World is the violent, felonious and anarchistic overthrowing and overturning of the Government of the United States by means of the members of that organization arising en masse in willful, wrongful, felonious, forcible and anarchistic opposition to the Government of the United States; and they the said defendants then and there being, did then and there organize, help to organize, and become members of, and voluntarily associate and assemble with, the said Industrial Workers of the World, the said Industrial Workers of the World being a society, group and assembly of persons, organized, operating and existing in divers and sundry places in the state of Washington and in other states of the United States, formed

to teach, advocate and disseminate the anarchistic doctrines of the said Industrial Workers of the World, that the said association and the members thereof should violently, feloniously and anarchistically rise up en masse and forcibly and violently overthrow and overturn the organized Government of the United States of America by such unlawful means.''

The defendant demurred to this information, claiming that it was insufficient in that it did not charge the defendant with any offense, and did not recite facts, but mere conclusions. As we read the information, it is not vulnerable to the attack thus made upon it. It charges in plain, clear and concise language the violation of subdivisions (1) and (4) of Rem. Code, § 2563, by alleging that the defendant advocated the overthrow of organized government by unlawful means, to wit, by an organization known as the Industrial Workers of the World, which organization has for its purpose the anarchistic overthrow of government; and that the defendant was also guilty in that he was a member of, or had voluntarily assembled with, this organization formed to propagate anarchical doctrine. The information, surely, is sufficient to notify the defendant of the charge which he is called upon to defend against; it specifies the time, the place, and the means by which the crime is alleged to have been committed, and it so charges it that a person of common understanding cannot mistake its meaning. Had the defendant not been satisfied that the facts had been plead with sufficient elaboration to fully apprise him of the charge, he could have demanded that this enlightenment be furnished him by means of a bill of particulars, but he did not seek that source of information, being content to demur to the information, which charges the crime substantially in the language of the statute, and states the acts which

constitute the offense in ordinary and concise language. The demurrer to the information was properly overruled.

The defendant next complains that the court erred in receiving evidence tending to sustain the recitals in the information. This complaint is directed to some twenty-six exhibits offered and received in evidence over the defendant's objection. They consist of various written propaganda issued by the Industrial Workers of the World, much of which is inflammatory in character, and some of which had been taken from the person of the defendant at the time of his arrest. All these documents were sufficiently proven to have been issued under the authority of the Industrial Workers of the World, and were admissible for the purpose of showing the aims, objects and methods of that organization, and to prove the assertion that the organization was bent on forcibly, violently and anarchistically overturning and overthrowing the government of the United States. This was all admissible against the defendant, there having been introduced evidence sufficient to go to the jury establishing that the defendant himself was not only associated with, but was a member of such organization. The defendant claims that he is not responsible for the recitals contained in the exhibits. That is beside the question, because the defendant made these doctrines his own by accepting membership in the organization by which they were promulgated, and an exposition of whose principles they represent. They were also admissible on the theory that they were declarations of co-conspirators engaged with the defendant in the furtherance of an unlawful purpose.

The defendant predicates error upon the exclusion by the court of testimony which he offered through certain witnesses as to what the members of a media-

tion commission, an unofficial organization appointed by the president of the United States to investigate the causes of labor unrest, had reported, the purpose being to have the witness on the stand testify that this unofficial organization had discovered and reported that the Industrial Workers of the World was not, in fact, an anarchical organization. This testimony was properly excluded for the reason that the witness was not testifying as to any investigation he himself had made, but was attempting to testify to some report which was not official and in no way a public record, and a report which was neither made by, nor a part of the records of, the Industrial Workers of the World, and with which the defendant himself had never had any connection. The persons making the report were not members of the Industrial Workers of the World, nor, so far as disclosed, were in any way associated or affiliated with that organization. The statements contained in the report, therefore, could not have come from that organization, nor can they be considered as the authorized statement of the principles of the organization. There was nothing in the report to indicate that the ones making it were specially delegated to investigate the organization, nor is there any suggestion that the persons making the report could not have been secured as witnesses, and, if they were qualified, to have testified to the reputation of the Industrial Workers of the World, as did other witnesses put on the stand by the defendant for that purpose. It is certainly not permissible for a witness on the stand to testify as to what someone else, even though cloaked with the title of a mediation commissioner, may have thought from his investigation of the Industrial Workers of the World as to their doctrines. This violates all the rules of hearsay testimony.

Some point is made of the fact that the court permitted persons to testify whose names had not been indorsed on the information, these witnesses having been used in rebuttal. This court has repeatedly held that the names of witnesses used by the state in rebuttal need not appear on the information. *State v. Champoux,* 33 Wash. 339, 74 Pac. 557.

The final claim of error is that the court erroneously instructed the jury by refusing to give certain requested instructions and by the giving of improper ones. The defendant's argument upon this phase of the case is confined largely to the mere statement that certain instructions were erroneous. We have examined the instructions as given and, taken as a whole, they presented to the jury a fair and correct statement of the law applicable to the charge, and the substance of the instructions requested but not given was included in the court's charge.

We are satisfied that the information was sufficient and that the defendant received an impartial and fair hearing, and was found guilty by a jury which had been properly instructed. The judgment, therefore, of the court below on the verdict of that jury will be affirmed.

Main, C. J., Chadwick, Mitchell, and Tolman, JJ., concur.