[No. 15259.  Department Two.  August 12, 1919.]

THE STATE OF WASHINGTON, *Appellant*, v. R. M. BROWN, *et al., Respondents.*[1]

CRIMINAL LAW (3-1)—STATUTORY PROVISIONS—CREATION AND DEFINITION OF OFFENSES. Rem. Code, § 5561-4, making it a misdemeanor to use any vehicle within the corporate limits of a city of the first class which shall be of such weight as to destroy or permanently injure the surface of the street, is not void for indefiniteness and uncertainty in failing to specifically point out the acts which constitute the offense.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 1, 1918, dismissing a prosecution for violating the road traffic law, upon sustaining a demurrer to the complaint. Reversed.

*John Sandidge,* for appellant.

*Alexander & Bundy,* for respondents.

FULLERTON, J.—Upon a complaint filed in a justice court of Snohomish county, respondents were convicted of violating the provisions of ch. 30 of the Laws of 1915, p. 65, and sentenced to pay a fine. They appealed from the judgment of conviction to the superior court of the county named, and in that court made the contention that the chapter of the laws upon which

[1]Reported in 182 Pac. 944.

the prosecution was based was void for indefiniteness and uncertainty. The court sustained the contention and dismissed the prosecution. The state appeals.

The part of the statute alleged to have been violated makes it a misdemeanor:

"　.　.　. for any person to drive, propel, draw, move, convey or transport, or cause to be driven, propelled, drawn, moved, conveyed or transported, over, upon, along or across any public street, road or highway, without the corporate limits of any city of the first class, any vehicle or object which, with or without its load, shall be of such weight　.　.　. as to destroy or permanently injure such street, road or highway or the surface, foundation or other part thereof,　.　.　.　." Laws 1915, p. 65; Rem. Code, § 5561-4.

A further clause of the statute limits the load in any case to twenty-four thousand pounds. The complaint, however, was founded upon the provisions of the statute quoted, the charge being that the defendants drove over the highway certain motor trucks, heavily loaded with sawlogs, "which said trucks and logs, because of their weight and method of loading, permanently injured said highway and the paved surface thereof."

The objection to the statute is that it does not definitely and clearly define the offense intended to be denounced by it. It is argued that a statute to be free from the objection of indefiniteness and uncertainty must be so far specific that a person may know in advance whether his act will or will not be a violation of the statute, and that this statute is not thus specific, since the operator of the vehicle cannot know until he actually makes the trial whether the load will or will not permanently injure the highway. In other words, the contention is that a statute, to be free from the objection that it is indefinite and uncertain, must specifically point out the acts which constitute the

crime, not merely prohibit results produced by acts. But such is not the rule. The legislation in creating an offense may define it by a particular description of the acts constituting it, or it may define it as an act which produces, or is reasonably calculated to produce, a certain defined or described result. 16 C. J. 67. If this were not so, it would be easy to find many statutes now upon the·books which are open to the objection of uncertainty, but which have heretofore never been suspected of that fault. As illustrations; the statutes making it an offense to willfully disturb any religious meeting (Rem. Code, § 2499), any assembly or meeting not unlawful in its character (Id., § 2547), or any school meeting (Id., § 4697), or the legislature, or either house thereof (Id., § 2337), are all statutes which do not specify the particular acts which will constitute the disturbance; yet no case can be found where they have been held invalid for that reason, while there are many which have allowed convictions thereunder to stand. Other illustrations, without specifically enumerating them, can be found in the statutes against malicious mischief, injury to public utilities, injuries to property, the statutes defining and punishing vagrancy, obstructing an officer in the discharge of his duty, publishing articles tending to excite crime or a, breach of the peace, and the like, all of which define the crime by the result it produces rather than by the specific acts constituting the offense.

Another illustration is the statute directed against criminal anarchy, Rem. Code, § 2563. That statute makes it a felony to advocate, advise or teach the duty, necessity or propriety of overthrowing or overturning organized government by force or violence, or to organize or to help organize, or to become a member of any society, group or assembly of persons formed to teach or advocate such doctrine. This statute is more

general in its definition of the acts constituting the offense than is the one at bar, yet in *State v. Lowery,* 104 Wash. 520, 177 Pac. 355, a conviction under it was upheld by this court. In the original brief the point that the statute was void for uncertainty was not made and was not noticed in the opinion, but the petition for rehearing, which was overruled, pointed out and thoroughly argued the objection.

In *State v. Stuth,* 11 Wash. 423, 39 Pac. 665, the defendant was informed against for disturbing a religious meeting. This statute, as we have shown, denounces the offense, but does not define the specific acts which shall constitute the offense. The objection was made that for this reason it was void for uncertainty, but the statute was upheld and the conviction sustained.

In New Jersey the statute made it an offense to encourage, justify, praise or incite the unlawful burning, destruction of private or public property, or advocate, encourage, justify, praise and incite assaults upon the army of the United States, the national guard, or the police force of any municipality by speech, writing or printing, in public or private. On an appeal from a conviction had under the statute, it was urged that the statute was void because uncertain in describing the offense. The court there said:

"This contention is palpably unsound. A plain reading of the statute makes it manifest that it is not open to the attack leveled against it. There is no organic law or rule of sound public policy that requires the legislature to define the meaning of English words in common and daily use. . . . This statute, like every other legislative act, is subject to judicial interpretation. When the occasion arises it will become the province of the court to determine what constitutes in law an 'incitement,' or, as the case may be, under the statute, and for the jury to determine the facts tend-

ing to establish a breach of the statute under the law as defined by the court. The fact that the statute groups together various means by which the end may be accomplished and makes any one of them an offence when done, to attain the object denounced by the act, does not render such statute uncertain and void. Such legislation has received the sanction of a practice extending back to time immemorial, and we need only refer to our Crimes act in which there will be found numerous instances of legislation of this sort from the earliest period in the history of this state, down to the present time, and among which may be mentioned statutes relating to arson, burning, forgery, abortion, etc.'' *State v. Quinlan*, 86 N. J. L. 120, 91 Atl. 111.

In *Stewart v. State*, 4 Okl. Cr. 564, 109 Pac. 243, 32 L. R. A. (N. S.) 505, the defendant was convicted under a statute making it a misdemeanor to commit any act which grossly disturbs the public peace. On the appeal, it was urged that the statute was void for uncertainty because it did not specify the particular acts constituting the offense. The court refused to sanction the contentions, pointing out that it was no more uncertain in the respect claimed than were many other statutes which the courts have upheld. In the course of the opinion, the court said:

''Now, in creating an offense the legislature, we apprehend, may define it by a particular description of the act or acts constituting it, or it may define it as an act which produces or is reasonably calculated to produce a certain defined or described result. . . . If the statute in question is void for uncertainty because the legislature failed to enumerate or describe the particular acts constituting it, then what can be said of the statutory definition of murder, and especially the second subdivision thereof, which says that homicide is murder 'when perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life, although with-

out any premeditated design to effect the death of any particular individual'? The statute under consideration says that 'every person who willfully and wrongfully commits any act which grossly disturbs the public peace is guilty of a misdemeanor.' Is one any more uncertain than the other? In the former the act must be imminently dangerous to others and must evince a depraved mind, regardless of human life, and must result in the death of a human being. In the latter the act must be willful and wrongful, and it must produce a certain result, namely, the gross disturbance of the public peace."

It is clear, we think, that the statute in question is no more subject to the objection of uncertainty than are the statutes referred to, or the statutes upheld in the cases cited. Neither define the particular acts which constitute the offense, but denounce all acts which produce a certain defined or described result. Since it is within the province of the legislature to so create offenses, we cannot conclude that the statute is void for uncertainty.

We have not overlooked the argument to the effect that any use of a highway will eventually wear it out and thus permanently injure it, and that if permanent injury is the thing aimed at by the statute, all use of a highway must be prohibited by it. But the parallel is hardly exact. It is not ordinary use that is prohibited; it is that use which of itself causes an immediate and sudden permanent injury to the highway that is aimed at, and no user of the way can fail to recognize the distinction.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

HOLCOMB, C. J., PARKER, MOUNT, and BRIDGES, JJ., concur.