[Crim. No. 974.   Second Appellate District, Division One.—June 15, 1923.]

## THE PEOPLE, Respondent, v. HARRY Y. COHEN, Appellant.

[1] JUVENILE COURT LAW—PLEADING—SUFFICIENCY OF INFORMATION—COMPLAINING WITNESS NOT WIFE. — An information charging a violation of the juvenile court law is not defective because it fails to state that the complaining witness is not the wife of defendant.

[2] ID.—DELINQUENCY OF COMPLAINING WITNESS—SCOPE OF ACT.—An information charging a violation of the juvenile court law which alleges that at a designated time and place a certain person "was then and there . . . a female person under the age of 21 years, to-wit, of the age of 16 years . . . and was then and there in danger of leading an idle, dissolute and immoral life" by reason of the acts in such information alleged, sufficiently shows that said female is within the provisions of subdivision 11 of section 1 of said law.

[3] ID.—COMPLAINING WITNESS AS DELINQUENT PERSON—SUFFICIENCY OF INFORMATION.—The words "delinquent" or "delinquent person" are not found in sections 1 or 21 of the juvenile court law of 1915, and an information charging a violation of that law is not defective because it fails to state that the female therein mentioned was a delinquent person within the purview of that law.

[4] ID.—VIOLATION OF LAW—AGE—PROOF.—Under the juvenile court law as amended in 1921, it is not necessary to prove that the complaining witness is such a person as is enumerated in any of the subdivisions 1 to 13 of section 1 of said law, it being sufficient to show that she is under the age of twenty-one years.

[5] ID. — WHEN GUILT ATTACHES — SUCCESS IMMATERIAL. — Under the juvenile court law, the guilt of a person attaches whenever he commits any act which causes or manifestly tends to cause a person under the age of twenty-one years to come within the provisions of section 1 thereof, independent of the success of his efforts or its effect upon the minor.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucas F. Smith for Appellant.

U. S. Webb, Attorney-General, and Erwin E. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The defendant was convicted of a violation of section 21 (as amended, Stats. 1921, p. 773) of the juvenile court law, approved June 15, 1915. He appeals from the judgment and order denying his motion for a new trial, mainly upon two grounds: First, that the information does not state any public offense. Secondly, that the evidence is insufficient to justify the verdict. The information, omitting the formal parts, is as follows:

"The said Harry Y. Cohen is accused by the District Attorney of and for the County of Los Angeles, State of California, by this information, of the crime of a misdemeanor.

"That the said Harry Y. Cohen on or about the 11th day of September, 1922, and prior to the filing of this information, at and in the County of Los Angeles, State of California, did willfully and unlawfully commit acts and omit duties hereinafter more particularly set forth, to wit:

"That at the said time and place one Lillian Alleen Hildreth was then and there in the County of Los Angeles, and was then and there a female person under the age of twenty-one years, to wit: of the age of sixteen years, and was then and there easily coaxed, influenced and controlled by artful and designing persons, and was then and there in danger of leading an idle, dissolute and immoral life by

reason of the acts hereinafter alleged, and by reason of the personal depravity of the said defendant, Harry Y. Cohen.

"That at all the times herein mentioned, the said Harry Y. Cohen was and is an artful and designing person, and did then and there endeavor and attempt to influence, cause, allow and to persuade and cause the said Lillian Alleen Hildreth to come within the influence, persuasion and control of the said defendant, Harry Y. Cohen, and the said defendant, Harry Y. Cohen, at the times and places last aforesaid, did then and there willfully and unlawfully, on or about the 11th day of September, 1922, feel, fondle and handle the limbs and private parts of the said Lillian Alleen Hildreth with the intent and purpose of arousing and gratifying the passions of the said defendant, Harry Y. Cohen, and of the said Lillian Alleen Hildreth, a minor child under the age of twenty-one years, to wit: of the age of sixteen years."

[1] The first objection to the information is that it fails to state that the complaining witness is not the wife of the defendant. This allegation is not made necessary by the statute and the attention of the court has not been called to any authority, nor has any good reason been advanced, why such a statement is a necessary part of a charge of this nature. We are not able to agree with the appellant that the information is defective in this respect. No doubt, in certain proceedings under this statute, depending largely upon the nature of the charge, proof of the fact that the complaining witness is the wife of the defendant would be a complete defense in the action, but no such evidence was offered in this case. On the contrary, the testimony clearly shows that such was not the fact.

[2] It is next contended that the information is fatally defective in that it fails to set forth facts showing that the complaining witness, Lillian Alleen Hildreth, came within the provisions of section 1 of the juvenile law. Subdivision 11 of said section 1 enumerates, as one class of persons to whom said law applies, any person under the age of 21 years "who is leading or for any cause is in danger of leading an idle, dissolute, lewd or immoral life." The information alleges: "That at the said time and place one Lillian Alleen Hildreth was then and there . . . a female person under the age of 21 years, to wit, of the age of

16 years . . . , and was then and there in danger of leading an idle, dissolute and immoral life by reason of the acts hereinafter alleged." We can hardly see how an allegation could be any more explicit than this, nor how it could more definitely describe the person and condition mentioned in the statute, than does this allegation of the information.

[3] It is contended, however, that the information fails to state that Mrs. Hildreth was a delinquent person within the purview of the juvenile court law. The words "delinquent" or "delinquent person" are not found in sections 1 or 21 of the juvenile court law of 1915. In the juvenile court law of 1909 certain persons were designated as "delinquent children," and in the law of 1911 the words "delinquent persons" are used to designate a certain class of persons. And in the cases of *People* v. *Pierro,* 17 Cal. App. 741 [121 Pac. 689], and *People* v. *Cruse,* 24 Cal. App. 497 [141 Pac. 636], cited by appellant, but each decided before the passage of the law of 1915, reference is made to "delinquent and dependent persons," but neither of these statutes, nor of these decisions, can have any bearing upon the law as it now stands and has stood since 1915. The information meets all of the requirements of the statute in force at the time the offense was alleged to have been committed.

Appellant contends that there is no evidence to justify the verdict, in that it fails to show that the complaining witness is, or was at the time of the alleged crime, a person within any of the subdivisions 1 to 13 of section 1 of the juvenile court law, and, furthermore, that the acts of the defendant were not such as "would cause or manifestly tend to cause" the complaining witness to become or remain a person within any of said subdivisions 1 to 13.

[4] Regarding the objection that there is no evidence that the complaining witness is such a person as is enumerated in any of the subdivisions 1 to 13 of said section 1, we are of the opinion that no such evidence is necessary as the law now stands. Under former enactments of the juvenile court law, as, for instance, under the law of 1909 (Stats. 1909, p. 225), section 26 thereof, which corresponds to section 21 of the law of 1915, provided in substance that any person who should by act or omission contribute to the

dependency or delinquency of any dependent or delinquent children was guilty of a misdemeanor. Section 21 of the present law provides in substance that any person who shall commit any act, or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of 21 years to come within the provisions of subdivisions 1 to 13 of said section 1 is guilty of a misdemeanor. Under the former acts it was necessary to allege and prove that the complaining witness was either a dependent or a delinquent person before the defendant could be found guilty of improper conduct toward such person, but under the present law it is only necessary to show that the complaining witness is under the age of 21 years. The former act was designed to protect only delinquent and dependent children. The purpose of the present law is manifestly to protect all persons under the age of 21 years. The evidence showed without any conflict that the complaining witness was only 16 years of age at the time the offense was alleged to have been committed, and in our opinion this is all that is required under the present statute.

[5] The further objection is made that the evidence fails to show that the acts of the defendant were such as would cause or manifestly tend to cause the complaining witness to become or remain a person within any of subdivisions 1 to 13 of said section 1. The complaining witness testified to facts which beyond question tended to prove the following allegation of the information:

"That at all the times herein mentioned, the said Harry Y. Cohen was and is an artful and designing person, and did then and there endeavor and attempt to influence, cause, allow and to persuade and cause the said Lillian Alleen Hildreth to come within the influence, persuasion and control of the said defendant, Harry Y. Cohen, at the times and places last aforesaid, did then and there willfully and unlawfully, on or about the 11th day of September, 1922, feel, fondle and handle the limbs and private parts of the said Lillian Alleen Hildreth with the intent and purpose of arousing and gratifying the passions of the said defendant, Harry Y. Cohen, and of the said Lillian Alleen Hildreth, a minor child under the age of twenty-one years, to wit: of the age of sixteen years."

Appellant does not contend that such testimony was not given by the complaining witness, but he contends that the testimony further shows that the complaining witness was a strong-minded person and was very determined and decided in her stand against the advances of the defendant, and refused to yield in the least to his solicitations, and, therefore, that the acts of the defendant did not "cause or manifestly tend to cause" her to lead or be in danger of leading an idle, dissolute, or immoral life. Conceding that the testimony established all that the appellant claims for it, still we would seriously question whether the defendant is exculpated thereby. To so hold would be to make the guilt of the defendant depend, not upon his own acts or conduct, no matter how censurable, but upon the character of the minor and her ability to resist his importunities. In the one case, if she accepted his proposal, then he would be amenable to the penal provisions of the statute, but in another case, if she rejected his advances and maintained her uprightness, then he has committed no crime, although his conduct in each case might be identical. We do not believe that the law can be so construed. On the other hand, we are of the opinion that the law in providing that a person shall be deemed guilty of violating the statute when he commits any act which causes or manifestly tends to cause a person under the age of 21 years to come within the provisions of section 1 thereof, means that his guilt attaches whenever he commits such an act, independent of the success of his efforts, or its effect upon the minor.

The purpose of the juvenile law as now framed, as we have already seen, is to protect the youth of our state from those evil and designing persons who would lead them astray, and we are not disposed to in any way impair its usefulness by giving any narrow or strained construction to any of its plain and obvious provisions.

In the case of *People* v. *De Leon*, 35 Cal. App. 467 [170 Pac. 173], while the identical question was not before the court, yet one very similar to that presented in the present case was under consideration, and the court used the following language: "To require the prosecution to allege and prove that the defendant's breach of duty had resulted in the minor's actual entry upon an idle, dissolute, or immoral life would be to practically nullify the benefi-

cial objects of the law. We find no merit, therefore, in the contention of the appellant that the information fails to state a public offense."

We are unable to agree with appellant in this contention and feel satisfied that the evidence is sufficient to justify the verdict.

The further contention is made by appellant that the testimony of the complaining witness shows that the defendant did nothing to her, other than during the ceremony of a spiritualistic reading. The evidence tends to show that the defendant was assuming to act as a medium, and in this capacity he was called upon and consulted by the complaining witness, but it is clear to us that this assumption upon his part was a mere pretext in order that he might the more easily gain control over the complaining witness. The point is entitled to no further consideration by this court.

The judgment and order denying a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.