[Crim. No. 1722. Second Appellate District, Division One.—September 18, 1928.]

THE PEOPLE, Respondent, v. HARRY HEMMA, Appellant.

J. L. Richardson and Frank C. Scherer for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, John D. Richer and Albert Ford, District Attorney, for Respondent.

CONREY, P. J.—By information the defendant was accused of a misdemeanor committed as follows: It was charged that the defendant, on or about the eighth day of May, 1928, in the county of Riverside, committed a certain described act which "tended to cause, encourage, and contribute to one Rosalie Zilly who was then and there a female person under the age of twenty-one years, to come within and remain a person within the provisions of Section One" of the Juvenile Court Law. (Stats. 1915, p. 1225.) The particular act charged was that the defendant wrote and delivered a note to said minor asking her to meet him at some eucalyptus trees that night between the hours of 9:30 and 11 o'clock, and that said defendant did thereby attempt to induce and entice said minor to meet him privately at said

eucalyptus trees, which were in a remote and secluded spot. There were further allegations showing the absence of any lawful reason or occasion for such an invitation by defendant to said minor.

At the trial defendant waived trial by jury, and the case was presented to the court on a stipulation of facts. The note as delivered by defendant read as follows: "Tonight will wait down east Road where the Blue Gum Tree's will be there by 9/30 and will wait until 11." The defendant on the stated day wrote and delivered this note to the girl, Rosalie Zilly, who is of the age of fifteen years, and the age of Mr. Hemma is forty-two years. She was staying in a shop sewing when defendant came in and dropped this note in her lap. Inasmuch as the girl did not go to the suggested place of rendezvous, we agree with counsel for appellant in his contention that if any crime was committed by defendant, the offense was completed by the delivery of the note. It is not material, although it appears to be the fact, that the defendant did not succeed in obtaining a favorable response to the suggestion contained in the note. If he has committed a crime, the offense consisted solely in the doing of an act which in its nature was such that it would tend to cause, encourage, and contribute to delinquency on the part of the minor.

The offense charged against the defendant is covered by the provisions of section 21 of the Juvenile Court Act, together with subdivision 11 of section 1 of the act. Said subdivision 11 places within the terms of the act any person under the age of twenty-one years who is leading or from any cause is in danger of leading an idle, dissolute, lewd, or immoral life. Section 21 reads as follows:

"Section 21. *Penalties.* Any person who shall commit any act or omit the performance of any duty, which act or omission causes or tends to cause or encourage any person under the age of twenty-one years to come within the provisions of any of subdivisions one to thirteen inclusive of section one of this act, or which act or omission contributes thereto, or any person who shall by an act or omission, or by threats, or commands, or persuasion, induce or endeavor to induce any such person, under the age of twenty-one years, to do or to perform any act or to follow any course of conduct, or to so live as would cause or mani-

festly tend to cause any such person to become or to remain a person coming within the provisions of any of subdivisions one to thirteen inclusive of section one of this act, shall be guilty of a misdemeanor.''

The sole question to be decided is presented by appellant's contention that the delivery of said note by the defendant, a man of mature years, to a young girl in no way related to him, and without any apparent good reason therefor, does not carry with it any necessary implication that by said act he was seeking to persuade her to the commission of an act which would place her in danger of leading an idle, dissolute, lewd, and immoral life. We are of the opinion that this contention should not be sustained, and that in the absence of any explanation showing an innocent purpose, the natural and reasonable tendency of the defendant's action, according to its manifest intention, was to persuade the young girl to commit an act such as this statute is intended to prevent. Our attention is not called to any decision which in its facts presents this precise question. We think, however, that the principles which should apply are fairly stated in *People* v. *Cohen,* 62 Cal. App. 521 [217 Pac. 78]. The court, in sustaining the conviction in that case, said: ''The purpose of the juvenile law as now framed . . . is to protect the youth of our state from those evil and designing persons who would lead them astray, and we are not disposed to in any way impair its usefulness by giving any narrow or strained construction to any of its plain and obvious provisions.'' In this case we wish to make it clear that we do not hold that under all circumstances the mere delivery to a minor of a note in the terms here shown would presumptively be a criminal act. There might be conditions and relationships of such character that the note would carry no suggestion of evil. But in this case the age of the man, and the absence of any normal or reasonable excuse for the defendant's act, leads to the necessary inference that he was seeking to accomplish an illegitimate purpose.

The judgment is affirmed.

Houser, J., and York, J., concurred.