[Crim. No. 1083.   Third Appellate District.—August 7, 1929.]

THE PEOPLE, Respondent, v. RAY HANEY, Appellant.

J. T. Sharp for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information herein charges: "That . . . the said Ray Haney did, wilfully, unlawfully and knowingly sell intoxicating liquor to one Kelton Blurton,

which said act then and there tended to cause and encourage said Kelton Blurton to come under the provisions of subdivision 8 and subdivision 11 of section 1 of the Juvenile Court Law; and then and there tended to cause and encourage said Kelton Blurton to become a person who habitually uses intoxicating liquors and tended to cause and encourage said Kelton Blurton to become one who would lead an idle and dissolute life; that said Kelton Blurton was then and there a minor under the age of twenty-one years.''

The defendant demurred to the information on the grounds that it ''does not state facts sufficient to constitute a public offense'' and that it contains ''matters which if true would constitute a legal defense.'' The second ground may be dismissed from consideration as manifestly without merit. The demurrer was overruled and the defendant was found guilty. This appeal is from the judgment and the order denying a new trial.

Appellant contends that the information fails to state facts sufficient to constitute an offense because it does not allege that the liquor in question contained one-half of one per cent or more of alcohol, that the liquor was fit for beverage purposes, or that it was delivered to the minor. Section 4 of the National Prohibition Act [27 U. S. C. A., sec. 4] defines the phrase ''intoxicating liquor'' as including all liquors ''containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes.'' If that act governs, as appellant seems to contend, it was unnecessary to set forth in the information the statutory definition of the term ''intoxicating liquor'' used therein. (*People* v. *Norcross*, 71 Cal. App. 2, 6 [234 Pac. 438].) ''In the absence of a statutory definition, the term 'intoxicating liquor' is understood to include any liquor intended for use as a beverage or capable of being so used which contains such a proportion of alcohol that it will produce intoxication when imbibed in such quantities as it is practically possible for a man to drink.'' (33 C. J. 491.) It thus appears that appellant's first two objections to the information are without merit.

The word ''sale'' is not of ''fixed and invariable meaning.'' (*W. F. Boardman Co.* v. *Petch*, 186 Cal. 476, 482 [199 Pac. 1047, 1050].) It is sometimes so used as to include delivery. (*Norfolk & W. R. Co.* v. *Sims*, 191 U. S.

441 [48 L. Ed. 254, 24 Sup. Ct. Rep. 151].) In common parlance, a retail sale of intoxicating liquor includes the delivery thereof to the buyer. The minor was permitted, without objection, to testify that the liquor was delivered to him by the defendant and that it was in fact used for beverage purposes and was intoxicating. There is nothing in the record to indicate that the defendant was misled or in any manner prejudiced by the alleged defects in the information.

The tendency of the defendant's alleged act to cause the minor to come under the provisions of the Juvenile Court Law [Stats. 1915, p. 1225] is alleged with sufficient certainty. (*People* v. *Hemma*, 94 Cal. App. 25 [270 Pac. 457]; *People* v. *Perfetti*, 88 Cal. App. 609 [264 Pac. 318]; *People* v. *Cohen*, 62 Cal. App. 521 [217 Pac. 78].)

March 19, 1929, the case was set to be tried commencing April 1st. When the case was called for trial on the latter date, the defendant moved for a continuance on the ground of the absence of a material witness, Harvey White. At the preliminary examination the minor testified that White was present at the delivery of the liquor. Defendant's affidavits used on the motion for a continuance stated that White had said that he was not so present. The sheriff made affidavit that White had said that he knew of the alleged sale of the liquor by the defendant to the minor. As soon as the case was set for trial counsel for the plaintiff placed a subpoena in the hands of the sheriff for service on White. The sheriff was unable to locate White and on March 22d he sent a subpoena to the sheriff of Tehama County for service on him. March 26th the sheriff of the latter county returned the subpoena, stating: "I have made diligent search, and am unable to find him (White), or any one who knows of him in this county." The sheriff of Modoc County then telephoned the sheriff of Shasta County and the district attorney made a trip to Redding in an endeavor to locate White, but without success It appears that the district attorney instructed the sheriff to secure the attendance of White "if at all possible." No reason was given by counsel for defendant for waiting until the case was called for trial to move for a continuance. As stated by the trial court in denying the motion, "there is nothing in these affidavits to indicate to the court that this man

Harvey White can ever be secured as a witness." This is a sufficient reason for the denial of the motion. (*Ford* v. *Superior Court,* 17 Cal. App. 1, 10 [118 Pac. 96].) Under all the circumstances, it cannot be held that the denial of the motion was an abuse of discretion.

Appellant complains of certain instructions given by the court. All of them appear to be accurate statements of the law except the italicized part of the following:

"It is not necessary that the acts of the defendant should be the sole cause of a minor's delinquency in order that such defendant may be guilty of contributing to the delinquency of the minor; it is sufficient if such acts tend to contribute thereto. *Nor is it necessary that they should have an absolutely certain or unmistakable tendency to cause delinquency.*"

█ It may be conceded that, as an instruction to a jury, the italicized words tend to confuse and the use thereof should be avoided, but under the facts of this case the defendant was not prejudiced thereby. The minor was of the age of but seventeen years. The selling and furnishing of bootleg whisky to a minor of that age so manifestly tends to cause him to come within the alleged provisions of the Juvenile Court Law that doubtless the jury would have so found without the giving of the objectionable part of the instruction. Other instructions, given or refused, have been carefully examined and no error appears in the action of the court in relation thereto.

█ Appellant argues the weight of the evidence but, there being ample evidence to support the verdict and judgment, the weight thereof was for the jury and the trial court. Complaint is made of certain rulings of the court in admitting and rejecting evidence and the district attorney is charged with misconduct in his argument to the jury. None of these contentions appears to have merit and it would serve no useful purpose to enumerate and discuss them specifically.

The judgment and the order are affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.