202 P.2d 964

**STATE v. McKINLEY.**

No. 5113.

Supreme Court of New Mexico.

Feb. 11, 1949.

Harry D. Robins, Asst. Dist. Atty., of Albuquerque, C. C. McCulloh, Atty. Gen., and Robert V. Wollard and Walter R. Kegel, Asst. Atty. Gen., for plaintiff in error.

Joe L. Martinez, of Albuquerque, for defendant in error.

SADLER, Justice.

The state appeals from the judgment of the District Court of Bernalillo County (Div. No. 2) sustaining defendant's motion to quash the criminal information filed by the district attorney charging him under L.1943, c. 36, § 1, with contributing to the delinquency of a female minor under the age of 18 years and dismissing the information. The motion to quash is based on the claim that the constitutional guaranties of due process and equal protection of the laws found in the state and federal constitutions are violated by reason of the uncertainty and indefiniteness of the statute under which the defendant stands charged. Contemporaneously with the filing of the information the state filed a bill of particulars. The information, omitting the caption, reads: "Harry D. Robins, Assistant District Attorney for the Second Judicial District of the State of New Mexico, composed of the Counties of Bernalillo, Sandoval and Valencia in said State, accuses R. L. McKinley of contributing to the delinquency of a minor, and charges that on or about the 28th day of August, 1947, in the County of Bernalillo and State of New Mexico, the said R. L. McKinley did commit certain acts, which acts did cause or tend to cause or encourage the delinquency of ———— ————, a person under the age of 18 years."

The bill of particulars, omitting the name of the female minor, reads:

"Comes the State of New Mexico by Harry D. Robins, Assistant District Attorney, and for his Bill of Particulars states that the charge of contributing to juvenile delinquency against the defendant arose out of the following facts:

"That the defendant, R. L. McKinley, did on or about the 28th day of August, 1947, contribute to the juvenile delinquency of one ——— ———, a female 14 years of age by having sexual intercourse with her."

The trial court sustained the motion to quash and dismissed the information upon the ground that the statute mentioned is so vague, indefinite and uncertain as to render it null and void. In its formal order sustaining the motion, although not raised by the defendant, the court of its own accord, took notice of L.1945, c. 81, § 1, purporting to give juvenile courts exclusive original jurisdiction over the offense of contributing to juvenile delinquency, enacted notwithstanding the fact that the legislature by L.1943, c. 36, § 1, 1941 Comp., § 44-116, Cumulative Pocket Supplement, had made such offense a felony. The state through this appeal seeks a revision and correction of the judgment so rendered against it.

The statute under which the information was drawn was enacted as L.1943, c. 36, § 1; 1941 Comp., § 44-116, Cumulative Pocket Supplement, and reads: "Any person who shall commit any act or omit the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen (18) years, shall upon conviction thereof, be punished by fine not exceeding one thousand dollars ($1,000.00) or by imprisonment for not more than five (5) years, or by both such fine and imprisonment."

Although it makes no reference to the earlier statute, 1941 Comp., § 44-112, L.1941, c. 134, § 1, amending L.1917, c. 4, § 10, both of which, in almost identical language, create the offense of contributing to juvenile delinquency, nevertheless and necessarily, the later act repeals all former acts as the law on the subject of what constitutes the offense. Indeed, L. 1943, c. 40, § 8, expressly repeals L.1941, c. 134, § 1, 1941 Comp., § 44-112. It is to be observed, too, that in each of the earlier enactments it is declared that "any person who shall commit any act or omit the performance of any duty," which causes or tends to cause or encourage juvenile delinquency *as defined in section ——*" of the act, *"or who shall otherwise contribute to the delinquency of a person under the age of —— years,"* by the 1917 act is guilty of a misdemeanor and subjected to a fine not exceeding $1,000 or imprisonment in the county jail not more than one year, or both, and by the 1941 act to the same penalty; or, additionally, by imprisonment in the state penitentiary for not less than one year nor more than five years, or by both the

fine above mentioned and the penitentiary sentence last named. So much of the statute last quoted above as has been italicized, found in the 1917 and the 1941 acts, is omitted from the latest enactment, L.1943, c. 36, § 1, 1941 Comp., § 44-116, Cumulative Pocket Supplement.

As last amended, L.1943, c. 40, § 1, 1941 Comp., § 44-101, Cumulative Pocket Supplement, a juvenile delinquent is defined as follows·

"A juvenile delinquent is declared to be anyone under the age of eighteen (18) years

(1)·Who has violated any law of the state, or any ordinance or regulation of a political subdivision thereof;

(2) Or by reason of being incorrigible, wayward, or habitually disobedient, is uncontrolled by his parents, guardian or custodian;

(3) Or who is habitually truant from school or home;

(4) Or who habitually deports himself as to injure or endanger the morals, health or welfare of himself or others. (Laws 1917, ch. 4, § 1, p. 32; 1929, ch. 74, § 1, p. 109; C.S.1929, § 35-4104; Laws, 1943, ch. 40, § 1, p. 58.)"

The first challenge to the statute's validity is that it is so vague, indefinite and uncertain as to·be incapable of interpretation and enforcement. With this contention, we do not agree. While the earlier definitions of the offense specifically declared that the person committing any act or omitting to perform any duty calculated to cause or encourage juvenile delinquency, *as defined by section 1 of the respective acts*, would be declared guilty of contributing to juvenile delinquency, it does not require forced construction to hold, without benefit of the language just italicized, or its equivalent, that any act of commission or omission causing or tending to cause juvenile delinquency as specifically defined in the act, to say the least, constitutes the offense. Statutes of some other states having language of similar import to that found in ours have been sustained against the same attack here made. Loveland v. State, 53 Ariz. 131, 86 P.2d 942; People v. Hemma, 94 Cal.App. 25, 270 P. 457; State v. Johnson, Mo.App., 145 S.W.2d 468; State v. Friedlander, 141 Wash. 1, 250 P. 453; Friedlander v. State, 275 U.S. 573, 48 S.Ct. 17, 72 L.Ed. 433, W.E. dismissed; State v. Harris, 105 W. Va. 165, 141 S.E. 637.

In Loveland v. State, supra [53 Ariz. 131, 86 P.2d 945], in sustaining the statute, the court said: "Proceeding to the other horn of the dilemma, it is next urged by the appellants that Chapter 91, supra, is a nullity in that the statute makes it a misdemeanor for any person to encourage, cause or contribute to .the. dependency or delinquency of a minor child but does not specify or define the particular act or acts which

constitute the offense; and that any law which characterizes an act as a crime or not, according to the moral sentiments of the judge or jury, after the act has been committed is so uncertain and indefinite as to amount to a snare and a delusion and untenable under the Constitution of the State of Arizona. In support of this contention are cited Ex parte Andrew Jackson, 45 Ark. 158; United States v. Reese, 92 U.S. 214, 23 L.Ed. 563; International Harvester Co. v. Kentucky, 234 U.S. 216, 34 S.Ct. 853, 58 L.Ed. 1284. It is true that the ruling in these cases has been followed in many jurisdictions where the peculiar circumstances of the individual case justified its application, but on the other hand it is equally true that there is almost no dissent from the rule that it is the duty of the court to sustain and uphold statutes rather than to ignore and defeat them and to give them operation if the language will permit instead of treating them as meaningless. Coggins v. Ely, 23 Ariz. 155, 202 P. 391."

The Supreme Court of Washington in State v. Friedlander, supra [141 Wash. 1, 250 P. 455], spoke in a similar vein on the subject. It said: "The next contention is that the statute under which the prosecution is had is in itself unconstitutional. The statute makes it a misdemeanor for any person to 'encourage, cause, or contribute to, the dependency or delinquency' of a minor child, but does not specify or

define the particular act or acts which will constitute the offense. But, under the rule as we have hereinbefore announced it, the objection is not fatal. It is within the province of the Legislature in creating an offense to define it by a particular description of the acts constituting it, or to define it as an act which produces a certain defined or described result. State v. Stuth, 11 Wash. 423, 39 P. 665; State v. Brown, 108 Wash. 205, 182 P. 944. The statute in question complies with the latter of these principles, and is not insufficient because it does not define the acts which will produce the result denounced."

In the case of State v. Chenault, 20 N.M. 181, 147 P. 283, 284, this court overruled an objection to another statute on the ground here urged against the one now under attack. The statute made it a criminal offense for any person, among other things, to have in his possession "for evil purposes" any minor female. Comp.Laws 1897, § 1349. In disposing of the attack upon the statute, we said:

"Counsel for appellant insist that the words 'for evil purposes,' as used in this statute, are so vague and indefinite in their meaning that those whose duty it is to execute the criminal laws cannot say with certainty what acts the Legislature thereby intended to penalize.

"In this connection the language of the Supreme Court of Vermont, in the case of State v. Millard, 18 Vt. [574], 577, 46 Am.

Dec. 170, a prosecution for indecent exposure of the person, strikes us as quite apt.

"'No particular definition is given by the statute of what constitutes this crime. The indelicacy of the subject forbids it, and it does not require the court to state what particular conduct will constitute the offense. The common sense of the community, as well as the sense of decency, the propriety, and morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it.'

"That the conduct of which appellant stands charged and convicted is rendered criminal by this statute is so indubitably indicated by both common sense and common morality as to make any argument in support of such conclusion wholly superfluous."

Unless satisfied beyond a reasonable doubt that the statute assailed is unconstitutional, null and void, we should uphold it as within the legislative province to enact. State v. Marron, 17 N.M. 304, 128 P. 485; In re Santillanes, 47 N.M. 140, 138 P. 2d 503.

The ways and means by which the venal mind may corrupt and debauch the youth of our land, both male and female, are so multitudinous that to compel a complete enumeration in any statute designed for protection of the young before giving it validity would be to confess the inability of modern society to cope with the problem of juvenile delinquency. State v. Harris, supra. As quoted approvingly in the Chenault case, from the Supreme Court of Vermont in State v. Millard, 18 Vt. 574, 577, 46 Am. Dec. 170, "the indelicacy of the subject forbids it. * * * The common sense of the community, as well as the sense of decency, the propriety, and the morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it."

As said by the court in People v. Cohen, 62 Cal.App. 521, 217 P. 78, 80, in expressing the rule of construction applicable: "The purpose of the juvenile law as now framed, as we have already seen, is to protect the youth of our state from those evil and designing persons who would lead them astray, and we are not disposed to in any way impair its usefulness by giving any narrow or strained construction to any of its plain and obvious provisions."

It is next said the action of the district court in quashing and dismissing the information was proper because in making the offense a felony by L.1943, c. 36, § 1, 1941 Comp., § 44-116, Cumulative Pocket Supplement, and, hence, triable in the district court only, the legislature later by L. 1945, c. 81, § 1, 1941 Comp., § 44-102, Cumulative Pocket Supplement, as on two previous occasions by L.1921, c. 87, § 1, and L. 1941, c. 169, § 1, had been done, conferred

on juvenile courts of the respective counties *exclusive original jurisdiction* over juvenile delinquents and "over those who contribute to such delinquency". It should be pointed out, apparently contrary to the view of counsel that the offense of contributing to juvenile delinquency was first made a felony by L.1943, c. 36, § 1, 1941 Comp., § 44–116, Cumulative Pocket Supplement, the legislature by L.1941, c. 134, § 1, 1941 Comp., § 44–112, Cumulative Pocket Supplement, had so constituted the offense by authorizing imposition of a penitentiary sentence of not less than one year nor more than five years.

Of course, in so far as the legislature by L.1945, c. 81, § 1, sought to confer on the juvenile courts "exclusive original jurisdiction" over those contributing to juvenile delinquency, or any jurisdiction at all to try those charged with such offense, the statute is unconstitutional and void. The constitution vests sole and exclusive jurisdiction for the trial of all felony cases in the district courts and the legislature is powerless to deprive them of such jurisdiction. Const. Art. 6, §§ 13 and 23. The fact that an abortive attempt was made by the 1945 act, inadvertently as argued by counsel for the state, or otherwise, to strip the district courts of jurisdiction to try cases charging this offense is wholly ineffective and innocuous and leaves the district courts still possessed of the same jurisdiction for the trial of such cases as they had before the attempt was made. When the legislature made the offense a felony, it automatically placed cases arising under it for trial in the district court.

It follows from what has been said that the judgment of the district court is erroneous and should be reversed and the cause remanded with directions to the district court to set the same aside, enter an order overruling the defendant's motion to quash and for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

McGHEE, Justice (dissenting in part).

I agree with the holding that only the district court has jurisdiction to try felony cases, but I am of the opinion that the statute is unconstitutional under the authority of State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; State v. Armstrong, 31 N.M. 220, 254, 243 P. 333; State v. Prince, 52 N.M. 15, 189 P.2d 993; State v. Truby, 211 La. 178, 29 So.2d 758, and State v. Vallery, 212 La. 1095, 34 So.2d 329, and therefore dissent.