202 P.2d 969

**STATE of New Mexico, plaintiff in error, v. Dorothy THOMAS, defendant in error.**

**No. 5117.**

Supreme Court of New Mexico.

Feb. 11, 1949.

C. C. McCulloh, Atty. Gen., Robert V. Wollard and Walter R. Kegel, Asst. Atty. Gen., and Harry D. Robins, Asst. Dist. Atty., of Albuquerque, for plaintiff in error.

Wm. T. O'Sullivan, of Albuquerque, for defendant in error.

SADLER, Justice.

This is a companion case to State v. McKinley, 53 N.M. 106, 202 P.2d 964. However, the facts are not identical. The charge against defendant is contributing to juvenile delinquency, although in a manner different from that involved in the McKinley case. The female minor involved in each case is the same person. The information filed charged against defendant that: "on the 28th day of August, 1947, in the County of Bernalillo and State of New Mexico, the said Dorothy Thomas did commit certain acts, which acts did cause or tend to cause or encourage the delinquency of ————————, a person under the age of 18 years."

Contemporaneously with filing of the information, a bill of particulars was filed, reading: "That the defendant knowing that R. L. McKinley was in the bedroom of the home of the defendant with one ————————, a female 14 years of age, and that the said R. L. McKinley was in said room for the purpose of having sexual intercourse with the said ————————, and

the said defendant with that knowledge, did leave such bedroom and did lock the door thereof and through such actions did commit the crime of contributing to juvenile delinquency."

The defendant moved to quash the information as violative of the due process and equal protection clauses of the state and federal constitutions, Const.N.M. art. 2, § 18; Const.U.S. Amend. 14, because: "The statute aforesaid is so indefinite, uncertain and incapable of construction and interpretation that its meaning cannot be ascertained by reasonable men."

The trial court sustained the motion to quash and dismissed the information upon the ground that the statute mentioned is so vague, indefinite and uncertain as to render it null and void. In its formal order sustaining the motion, although not raised by the defendant, the court of its own accord, took notice of L.1945, c. 81, § 1, purporting to give juvenile courts exclusive original jurisdiction over the offense of contributing to juvenile delinquency, enacted notwithstanding the fact that the legislature by L.1943, c. 36, § 1, 1941 Comp. § 44-116, Cumulative Pocket Supplement, had made such offense a felony. The state through this appeal seeks a revision and correction of the judgment so rendered against it.

Inasmuch as the same questions are presented and argued in this case as in State

v. McKinley, just decided, upon the authority of that decision, the judgment under review is held to be erroneous. It will be reversed and the case remanded to the district court of Bernalillo County with a direction to that court to set aside its judgment, enter an order overruling the defendant's motion to quash and for further proceedings not inconsistent with the views herein expressed.

It is so ordered.

BRICE, C. J., and LUJAN and COMPTON, JJ., concur.

McGHEE, J., dissents.