576 P.2d 282

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Ernestine FAVELA, Defendant-Appellant.**

**No. 11822.**

Supreme Court of New Mexico.

Feb. 17, 1978.

Rehearing Denied March 28, 1978.

William D. Teel, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, Manuel L. Lopez, Asst. Public Defender, Clovis, for defendant-appellant.

Toney Anaya, Atty. Gen., Sammy J. Quintana, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

PER CURIAM.

The defendant, a female adult, was indicted by the Grand Jury and charged with contributing to the delinquency of a minor, contrary to § 40A–6–3, N.M.S.A. 1953 (Repl. 1972) by reason of sexual intercourse with a juvenile, a fifteen year old boy, who had allegedly consented to the act.

The trial court denied defendant's motion to dismiss the indictment and defendant took an interlocutory appeal to the Court of

Appeals. The Court of Appeals in a 2 to 1 decision reversed the trial court. This Court, on its own motion issued a writ of certiorari under authority of N.M. Const. art. 6, § 3. *See State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973). We reverse the Court of Appeals and affirm the district court's denial of defendant's motion to dismiss the indictment and charge.

The majority opinion of the Court of Appeals erroneously held that § 13–14–3, N.M. S.A. 1953 (Children's Code—Definitions) and § 40A–6–3, *supra*, which relates to contributing to the delinquency of a minor, must be construed together, and when so construed, a person cannot be found guilty of contributing to the delinquency of a minor by causing the minor to do an act for which the minor could not be found legally delinquent.

Section 13–14–3 is part of the Children's Code. It provides that a "child" is an individual who is less than 18 years of age. Subsection (N) of § 13–14–3, *supra*, reads:

*"delinquent act" means an act committed by a child*, which would be designated as a crime under the law if committed by an adult, . . . (Emphasis added.)

The Legislature of New Mexico made it abundantly clear that the Children's Code applied to juveniles and not to adults. The title of the Children's Code reads: "An act relating to *children*." The legislative purpose of the Children's Code is set forth in § 13–14–2, N.M.S.A. 1953 and the pertinent parts read:

The Children's Code [13–14–1 to 13–14–45] shall be interpreted and construed to effectuate the following expressed legislative purposes:

. . . . .

B. consistent with the protection of the public interest, *to remove from children committing delinquent acts* the consequences of criminal behavior and to substitute therefor a program of supervision, care and rehabilitation;

. . . . .

D. to separate clearly in the judicial and other processes affecting children un-

der the Children's Code the neglected child, the child in need of supervision and the delinquent child, and to provide appropriate and distinct dispositional options for treatment and rehabilitation of these children; and

E. to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced. (Emphasis added.)

The Code is thus intended to protect children from the consequences of their own acts so long as it is "consistent with the protection of the public interest." It establishes a system of treatment, care and rehabilitation for children who have committed either "delinquent acts" or who are neglected or in need of supervision.

On the other hand, § 40A–6–3, *supra*, applies to adults and is designed to protect children from harmful adult conduct. It reads:

*Contributing to delinquency of minor.—* Contributing to delinquency of minor consists of any person committing any act, or omitting the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen [18] years.

Whoever commits contributing to delinquency of minor is guilty of a fourth degree felony.

The Court of Appeals ruled that the minor did not commit a "delinquent act" under the Code, since fornication is not an offense which if committed by an adult would be a crime. Section 13–14–3(N). Because the minor did not commit a delinquent act the Court of Appeals reasoned that the defendant could not be guilty of contributing to the delinquency of the minor. We do not agree. We hold that the two statutes are separate in purpose and application.

If the contributing to delinquency statute were applicable only to situations where the

child committed a "delinquent act" there would be no reason for its existence. In any situation where an adult contributed to the commission of an act which constitutes a crime, the adult could be tried either as a principal, or as an accessory under § 40A–1–14, N.M.S.A. 1953.

In *State v. McKinley*, 53 N.M. 106, 202 P.2d 964 (1949), on facts quite similar to the facts presented in this case, the criminal statute relative to contributing to the delinquency of a minor, then in effect, was held by this Court to be constitutional. Except for the penalty provision, that Act was almost identical with § 40A–6–3. In reaching this result, the Supreme Court of New Mexico in *McKinley* said:

While the earlier definitions of the offense specifically declared that the person committing any act or omitting to perform any duty calculated to cause or encourage juvenile delinquency, *as defined by section 1 of the respective acts*, would be declared guilty of contributing to juvenile delinquency, it does not require forced construction to hold, without benefit of the language just italicized, or its equivalent, that any act of commission or omission causing or tending to cause juvenile delinquency as specifically defined in the act, to say the least, constitutes the offense.

The Supreme Court of Washington in *State v. Friedlander*, supra [141 Wash. 1, 260 P. 455] spoke in a similar vein on the subject. It said: "The next contention is that the statute under which the prosecution is had is in itself unconstitutional. The statute makes it a misdemeanor for any person to 'encourage, cause, or contribute to, the dependency or delinquency' of a minor child, but does not specify or define the particular act or acts which will constitute the offense. But, under the rule as we have hereinbefore announced it, the objection is not fatal. It is within the province of the Legislature in creating an offense to define it by a particular description of the acts constituting it, or to define it as an act which

produces a certain defined or described result. [Citations omitted.] The statute in question complies with the latter of these principles, and is not insufficient because it does not define the acts which will produce the result denounced."

. . . . .

The ways and means by which the venal mind may corrupt and debauch the youth of our land, both male and female, are so multitudinous that to compel a complete enumeration in any statute designed for protection of the young before giving it validity would be to confess the inability of modern society to cope with the problem of juvenile delinquency.

. . . .

As said by the court in *People v. Cohen*, 62 Cal.App. 521, 217 P. 78, 80, in expressing the rule of construction applicable: "The purpose of the juvenile law as now framed, as we have already seen, is to protect the youth of our state from those evil and designing persons who would lead them astray, and we are not disposed to in any way impair its usefulness by giving any narrow or strained construction to any of its plain and obvious provisions."

*Id.* at 110–11, 202 P.2d at 966–67.

*McKinley* was reaffirmed in *State v. Roessler*, 58 N.M. 102, 266 P.2d 351 (1954).

Although the enactment of the Children's Code in 1972 narrowed the definition of a "delinquent act" *committed by a child*, that definition did not extend, amend, change or become incorporated into § 40A–6–3, *supra*.

The trial court's denial of defendant's motion to dismiss is affirmed and the cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.