617 P.2d 1307

STATE of New Mexico, Petitioner,

v.

Lewis CUEVAS, Respondent.

No. 13007.

Supreme Court of New Mexico.

Sept. 29, 1980.

Jeff Bingaman, Atty. Gen., Arthur Encinias, Asst. Atty. Gen., Santa Fe, for petitioner.

Martha A. Daly, Appellate Defender, Santa Fe, for respondent.

OPINION

EASLEY, Justice.

The prior opinion in this case, filed on June 24, 1980, is withdrawn and the following substituted therefor.

Cuevas was convicted of three counts of contributing to the delinquency of a minor. On appeal, the Court of Appeals reversed his convictions. We granted certiorari and now reverse the Court of Appeals and remand.

We address: (1) whether the crime of contributing to the delinquency of a minor is a separate and distinct offense from any underlying act or violation of the law which gave rise to the contributing charge; and (2) whether the three counts here should have been merged.

Cuevas was a teacher at the high school attended by the three minor girls involved in this case. One of the minors gave a party at her house while her parents were out of town. She invited Cuevas. Twenty or so students went to the gathering. The hostess procured and provided the liquor herself. Cuevas attended and drank one shot of tequila while demonstrating how tequila is drunk with a lemon. He later told a school official that he was teaching the students how to "drink socially." Cuevas was convicted and sentenced to three consecutive one–to–five year terms in the state penitentiary, pursuant to Section 30–6–3, N.M.S.A.1978. This statute provides:

Contributing to delinquency of minor consists of any person committing any act, or omitting the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of any person under the age of eighteen years.

Whoever commits contributing to delinquency of minor is guilty of a fourth degree felony.

Cuevas claims, and the Court of Appeals agreed, that the trial court should have amended his charge to a violation of Section 60–10–16(A)(4), N.M.S.A.1978 (current version at § 60–10–16(A)(4), N.M.S.A.1978 (Cum.Supp.)), which provides:

A. It is a violation of the Liquor Control Act [7–17–1 to 7–17–11, 7–24–1 to 7–24–7, 60–3–1 to 60–11–4, N.M.S.A.1978] for any club, retailer, dispenser or any other person, except a parent or guardian or adult spouse of any minor, or adult person into whose custody any court has committed the minor for the time, outside of the actual, visible personal presence of the minor's parent, guardian, adult spouse or the adult person into whose custody any court has committed the minor for the time, to do any of the following acts:

.     .     .     .     .

(4) to aid or assist a minor to buy, procure or be served with alcoholic liquor.

In reversing Cuevas' conviction, the Court of Appeals stated:

Under the facts of this case, the victim under either statute is the minor. The minor is protected from acts which might lead to delinquency and the minor is specifically protected where alcohol is concerned. The two statutes do not have different objectives.

Section 60–10–16(A)(4), *supra*, pertains to the facts in this case. This section is for the specific control of liquor where minors are involved. Where two statutes, one general and one specific, condemn the same offense, the State has no alternative but to prosecute under the specific statute. (Citations omitted.)

The State claims that the Court of Appeals' opinion conflicts with the holdings in *State v. Roessler*, 58 N.M. 102, 266 P.2d 351 (1954), *State v. Ferguson*, 77 N.M. 441, 423 P.2d 872 (1967), *State v. Leyba*, 80 N.M. 190, 453 P.2d 211 (Ct.App.1969), *cert. denied*, 80 N.M. 198, 453 P.2d 219 (1969), and *State v. Grove*, 82 N.M. 679, 486 P.2d 615 (Ct.App.1971). The State asserts that these cases implicitly hold that the crime of contributing to the delinquency of a minor may be a crime separate and apart from any underlying violation of the law. The defendant in each of these cases was successfully charged with the contributing offense even though the underlying violations were available and even used as alternate grounds for prosecutions: i. e., bigamy, selling liquor to a minor, indecent sexual overtures and contact with a minor, and possession of marijuana. The Court of Appeals here, the State asserts, erred in that it viewed the contributing offense and the underlying violation or act which gave rise to the contributing charge as the same offence which required that prosecution be under the more specific statute. We agree with the State.

The Court of Appeals relied on three New Mexico cases for the proposition that where there are two statutes, one general and one specific, but both condemning the *same offense*, the State must prosecute under the specific statute: *State v. Lujan*, 76 N.M. 111, 412 P.2d 405 (1966); *State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936); *State v. Riley*, 82 N.M. 235, 478 P.2d 563 (Ct.App. 1970). An examination of these cases reveal that, indeed, the statutes in question made criminal the *same offense*, but one statute did so in more specific terms.

In *Lujan*, the defendant's conviction under the habitual criminal statute was set aside because he had been convicted under the Narcotic Drug Act which had specific provisions concerning repeated narcotic convictions. This Court there held that any enhancement of punishment had to be under the statute which specifies penalties for repeated *narcotic* convictions. In *Blevins*, this Court reversed a conviction under a general statute proscribing the selling of another's *property* when a specific statute punishing the sale of another's *cattle* was in effect at the time. In *Riley*, defendant's conviction under a general statute making it illegal to give away *drugs* was reversed because of the existence of a specific statute proscribing the giving away of *marijuana*.

These cases all involve the "same offense." We recently reiterated that the test in New Mexico for determining whether an act involves more than "one offense" is whether the same facts offered in support of one offense will sustain a conviction of the other. *State v. Smith*, 94 N.M. 379, 610 P.2d 1208 (1980). Thus in *Lujan, Blev-*

*ins* and *Riley* only "one offense" was involved because the same facts would have supported a conviction under either the general or the specific statutes. But in the four cases cited by the State here, the same facts would not have supported a conviction for the underlying violation as supported the contributing charge. For example, the facts required to successfully prosecute a charge of contributing to the delinquency of a minor are not those needed for the successful prosecution of bigamy charge. The Court of Appeals stated a correct rule of law in its opinion here, but erred in assuming that the crime of contributing to the delinquency of a minor and the underlying violation or act upon which the contributing charge is premised are the same offense.

■ Clearly, contributing to the delinquency of a minor is a crime separate and distinct from any underlying violation of the law. In fact, this Court has said that the underlying act does not have to be illegal if the element of contributing to the delinquency of a minor is still present. *See State v. Favela*, 91 N.M. 476, 576 P.2d 282 (1978). In *Favela*, the contributing charge was affirmed even though no statute made it illegal to fornicate with a consenting male.

If we were to hold otherwise today, we would in effect be repealing the contributing statute. Only in such situations as *Favela*, where there was no statute prohibiting the act which allegedly contributed to the delinquency of the minor, would a prosecution for contributing succeed. An adult can, almost always, be prosecuted under the specific statute dealing with liquor, drugs, sex, etc. But, as this Court said in *Favela*, the purpose of our contributing statute is to protect children from harmful adult conduct. This legislative purpose is different from that behind our drug or liquor laws.

We now address the issue raised before the Court of Appeals but not addressed there because of its disposition on the issue discussed above. Cuevas asserts that his three convictions should have been merged into one. We agree.

Merger also involves the concept of "same offense." In *Smith, supra*, this Court repeated that two offenses "merge" if one offense necessarily involves the other. *See State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977), *cert. denied*, 90 N.M. 637, 567 P.2d 486 (1977). But in *Smith*, we implied that ultimately the test for merger is the same evidence test, or whether the same facts offered in support of one offense will sustain a conviction of the other. The charges against Cuevas here do not merge because contributing to the delinquency of one minor does not necessarily involve the contributing to the delinquency of a different minor. Different facts, such as different minors being involved, need be proved to support each of the counts here.

■ But, in *Smith*, we also reiterated the use of *policy considerations* in deciding whether a criminal act/occurrence should be divided into multiple counts or prosecuted as one crime. In the instant case, it is not clear why the State chose to only prosecute Cuevas for three counts of contributing when there were at least twenty students at the party he attended. If Cuevas' crime was that he encouraged the minors to drink and failed to prevent them from drinking, as his criminal information so reads, it is not clear why the State did not indict Cuevas for contributing to the delinquency of each minor at the party. The record shows that Cuevas deliberately encouraged *all* present to imbibe. But twenty convictions of from one–to–five years in the state penitentiary would clearly be excessive under the circumstances here. We think three such convictions are also excessive. Just as the policy considerations in *State v. Boeglin*, 90 N.M. 93, 559 P.2d 1220 (Ct.App.1977) prevented the prosecution of five counts of larceny for the stealing of five pistols from the same store and the same time, we think policy considerations require that here the three counts of contributing to the delinquency of a minor here be merged into one count.

■ Cuevas challenged the constitutionality of Section 30–6–3 in the Court of Appeals as being vague. However, that

Court did not address the issue. We hold that the statute is constitutional. *State v. Favela, supra; State v. McKinley*, 53 N.M. 106, 202 P.2d 964 (1949).

We reverse the Court of Appeals, affirm one conviction and remand for dismissal of the other two convictions.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.