714 P.2d 582

**STATE of New Mexico, Petitioner,**

v.

**William Wayne PITTS, Respondent.**

No. 15919.

Supreme Court of New Mexico.

Feb. 18, 1986.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for petitioner.

Janet Clow, Chief Public Defender, Lynn Fagan, Asst. Appellate Defender, Santa Fe, for respondent.

**OPINION**

STOWERS, Justice.

The case before us today was initiated as a delinquency proceeding in children's court. Defendant William Wayne Pitts was seventeen years and eight months old at the time of the sexual offenses in question, and the victim was a twelve-year-old boy. The proceeding was transferred to district court for criminal prosecution, pursuant to NMSA 1978, Section 32–1–30 (Repl.Pamp.1981). Defendant there was

convicted of two counts of criminal sexual penetration of a minor, five counts of contributing to the delinquency of a minor, and three counts of criminal sexual contact of a minor.

Defendant appealed his convictions on several grounds. The Court of Appeals reversed and remanded to children's court, holding that defendant had been denied the effective assistance of counsel both in the children's court and the district court proceedings. That decision is not challenged in this Court. The Court of Appeals also held that the district court should have dismissed the charges of contributing to the delinquency of a minor because, as a matter of law under NMSA 1978, Section 30–6–3 (Repl.Pamp.1984), no minor can be convicted of that offense. We granted certiorari to review this holding, and we reverse.

Section 30–6–3 states:

Contributing to delinquency of minor consists of *any person* committing any act, or omitting the performance of any duty, which act or omission causes, or tends to cause or encourage the delinquency of *any person* under the age of eighteen years.

*Whoever* commits contributing to delinquency of minor is guilty of a fourth degree felony. (Emphasis added.)

The Court of Appeals, citing cases from other jurisdictions and a law review article, decided that this statutory language required construction. It held that the legislative intent in enacting Section 30–6–3 was to protect children from harmful adult conduct. It therefore construed "any person" and "whoever" to mean any adult human being.

■ The intent of the Legislature is to be sought first in the meaning of the words used, and when they are free from ambiguity no other means of interpretation should be resorted to. *Arnold v. State*, 94 N.M. 381, 383–84, 610 P.2d 1210, 1212–13 (1980). We believe the Court of Appeals here exceeded its authority, for "it is not the business of the courts to look beyond the plain meaning of the words of a clearly drafted statute in an attempt to divine the intent of the Legislature." *State v. Ellenberger*, 96 N.M. 287, 288, 629 P.2d 1216, 1217 (1981).

The Criminal Code, NMSA 1978, Sections 30–1–1 to 30–28–3 (Repl.Pamp.1984), defines "person" as any human being or legal entity. NMSA 1978, § 30–1–12(E) (Repl. Pamp.1984). The Legislature clearly limited that definition to human beings when it employed the phrase "any person under the age of eighteen." *See* NMSA 1978, § 30–6–3 (Repl.Pamp.1984); *see also* NMSA 1978, § 12–2–2 (rules of construction). On the other hand, the Legislature did not choose to modify or limit that definition when it used the phrases "any person committing any act" and "whoever commits." *See* NMSA 1978, § 30–6–3 (Repl.Pamp. 1984).

■ We do not believe that the unambiguous language of this statute requires judicial construction. We cannot agree with the Court of Appeals interpretation, which requires us to read the words "adult" and "human being" into phrases the Legislature used without limitation. We hold that a minor can be prosecuted under Section 30–6–3, and can be convicted of contributing to the delinquency of a minor.

Our conclusion would be no different if we assumed, for the sake of argument, that the statute is ambiguous and that statutory interpretation is appropriate. We disagree with the Court of Appeals reading of the statute, the precedents, and the Legislature's intent. First, the fact that the offense in question was placed in Article 6 of the Criminal Code among "Crimes Against Children and Dependents" is utterly irrelevant to our consideration of who properly may be prosecuted under the statute.

Secondly, neither in *State v. Favela*, 91 N.M. 476, 576 P.2d 282 (1978), nor in *State v. Cuevas*, 94 N.M. 792, 617 P.2d 1307 (1980), did this Court hold that the contributing to delinquency statute authorizes only the prosecution of adults. Because the defendant in each case was an adult,

the question before us now did not arise. In mere dicta, each opinion did state, however, that the legislative purpose of the statute is to protect children from harmful adult conduct. *Favela*, 91 N.M. at 477, 576 P.2d at 283; *Cuevas*, 94 N.M. at 794, 617 P.2d at 1309. To the extent *Favela* and *Cuevas* suggest that the statute is addressed only to adult conduct, they are overruled.

Finally, this Court has long recognized that the intent of the Legislature in enacting Section 30–6–3 and its predecessors was to extend the broadest possible protection to children, who may be led astray in innumerable ways. In order to realize this legislative purpose, we have consistently rejected narrow constructions of the statute that would limit its usefulness in protecting children. *See State v. McKinley*, 53 N.M. 106, 111, 202 P.2d 964, 967 (1949).

This Court has held the statute constitutional despite the vagueness of its description of the proscribed acts and omissions. *State v. McKinley*. Our Court of Appeals similarly has rejected a vagueness challenge arguing that an inattentive parent might be convicted as "any person" contributing to the delinquency of a minor. *State v. Mascarenas*, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972) (Sutin, J., specially concurring). Furthermore, we have tacitly approved the Court of Appeals holding that the statute is constitutional although it imposes criminal sanctions for acts committed without criminal intent. *State v. Lucero*, 98 N.M. 204, 206, 647 P.2d 406, 408 (1982) (citing *State v. Gunter*, 87 N.M. 71, 529 P.2d 297 (Ct.App.), *cert. denied*, 87 N.M. 48, 529 P.2d 274 (1974), *cert. denied*, 421 U.S. 951, 95 S.Ct. 1686, 44 L.Ed.2d 106 (1975)).

In short, even if we considered statutory interpretation necessary in this case, we would disagree with the Court of Appeals conclusion that the statute authorizes the prosecution of adults only. In light of the statute's protective purpose, we believe it defies reason to infer that the Legislature intended to exclude acts of minors against minors when it chose to punish "any person" who contributed to the delinquency of a minor.

For the reasons stated, we hold that a minor, properly transferred from children's court to district court, may be tried and convicted of contributing to the delinquency of a minor under Section 30–6–3. We therefore reverse that portion of the Court of Appeals decision holding that the trial court erred in denying defendant's motion to dismiss the charges of contributing to the delinquency of a minor. This case is remanded to the Court of Appeals for orders consistent with this opinion.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.

SOSA, Senior Justice, not participating.

WALTERS, Justice, specially concurs.

WALTERS, Justice (specially concurring.)

I agree with all my colleagues have said regarding the meaning and effect of Section 30–6–3. I write this special concurrence merely to suggest that we acknowledge the correctness of the opinion of the Court of Appeals regarding ineffective assistance of counsel, which will require reversal for a new trial.