This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 33,962**

**DAMON C.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Adam Greenwood, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Thirteen-year-old Damon C. appeals his convictions for sexual exploitation of children and criminal sexual contact with a minor. He argues that the sexual exploitation of children statute should not apply to him because he is within the class of people the Legislature sought to protect. He also argues that his right to be free from double jeopardy was violated when he was convicted of multiple counts of the same crime. Because we disagree on both issues, we affirm.

**BACKGROUND**

{2}    Defendant was convicted by a jury of two counts of sexual exploitation of children, contrary to NMSA 1978, § 30-6A-3(D) (2007), and two counts of criminal sexual contact of a minor (CSCM), contrary to NMSA 1978, § 30-9-13(B)(1) (2003), for taking two cell phone videos of his hand touching the unclothed vulva of a three to four-year-old girl. He was sentenced to supervised probation for a period not to exceed two years and ordered to complete one hundred hours of community service. He was also ordered to undergo counseling and complete grade court, avoid contact with children under the age of eleven, and take other rehabilitative measures. More details are provided as relevant to our discussion of Defendant's arguments on appeal.

**DISCUSSION**

{3}    Defendant makes two arguments. First, he argues that the sexual exploitation of children statute was not meant to punish child-participants involved in the

manufacture of "obscene visual or print medium depicting any prohibited sexual act or simulation of such an act." Section 30-6A-3(D). As part of this argument, he contends that applying the statute to children "renders an absurd result contrary to the statute's purpose[,]" and that the statute is unconstitutionally vague because "its broad provisions, lack of distinctions, and disregard for children that might come within its ambit . . . unquestionably invite[] arbitrary and discriminatory enforcement when applied to child participants." Second, he maintains that his right to be free of double jeopardy was violated by two convictions for a single continuous act. We address these arguments in turn.

## A.     Section 30-6A-3(D) Applies to Defendant

{4}     Defendant posits a number of reasons why the statute here should not be interpreted to apply to child participants. For example, he argues that the language of the statute, its placement in the criminal code under the title "Crimes Against Children and Dependents," and differences between its language and that of other statutes militate toward the conclusion that the Legislature wrote the statute "with adult offenders in mind." He also presents a number of factual scenarios that might fall under the statute that "produce[] absurd and potentially unconstitutional results." Such scenarios include prosecution of minors for consensually participating in sexual conduct and taking pictures of that conduct or minors taking nude pictures of themselves. For support, Defendant cites to scholarly articles arguing against

3

prosecution of minors for "sexting"[1] under pornography statutes and case law addressing prosecution under statutory rape statutes of minors who have engaged in consensual sex. *See, e.g.*, Arcabascio, *supra* at 4 (stating that "while there is no perfect 'one size fits all' solution to sexting, punishing teenagers who sext as child pornographers is not the solution"); Meghaan C. McElroy, *Sexual Frustrations: Why the Law Needs to Catch Up to Teenagers' Texts*, 48 Houston Lawyer 10, 11 (Nov./Dec. 2010) ("While the teens who engage in sexting may be deserving of punishment, especially those . . . who exploit personal photographs meant to be kept private, these teens are not child pornographers."); *In re G.T.*, 758 A.2d 301, 302 (Vt. 2000) (holding that a child cannot be adjudicated a delinquent child under the statutory rape statute prohibiting sexual intercourse with a person under sixteen because "as a person within the protection of the statutory rape statute, [a minor] cannot be charged with violating the statute").

{5}     While these authorities point out potential problems with prosecution of minors for sexual conduct under current statutes and present interesting policy arguments for modifications to the law, our holding here is governed by a New Mexico Supreme

[1] " 'Sexting' is the practice of sending or posting sexually suggestive text messages and images, including nude or semi-nude photographs, via cellular telephones or over the Internet." Catherine Arcabascio, *Sexting and Teenagers: OMG R U Going 2 Jail???*, 16 Rich. J.L. & Tech. 10, 1 (2010) (internal quotation marks omitted).

Court case neither party cited in their briefs. In *State v. Pitts*, the seventeen-year-old defendant was convicted of contributing to the delinquency of a twelve-year-old minor (CDM), contrary to NMSA 1978, Section 30-6-3 (1990) (the CDM statute). *Pitts*, 1986-NMSC-011, ¶ 1, 103 N.M. 778, 714 P.2d 582. The CDM statute states that

> [c]ontributing to the delinquency of a minor consists of any person committing any act or omitting the performance of any duty, which act or omission causes or tends to cause or encourage the delinquency of any person under the age of eighteen years.
>
> Whoever commits contributing to the delinquency of a minor is guilty of a fourth degree felony.

Section 30-6-3; *see Pitts*, 1986-NMSC-011, ¶ 3.

{6} For reasons similar to those argued by Defendant here, the Court of Appeals reversed the defendant's convictions and held that "no minor can be convicted of [CDM]" as a matter of law, *Pitts*, 1986-NMSC-011, ¶ 2, because "the legislative intent in enacting [the CDM statute] was to protect children from harmful adult conduct[,]" and, therefore, the words "any person" and "whoever" in the CDM statute must be read "to mean any adult human being." *Id.* ¶ 4.

{7} The New Mexico Supreme Court reversed. It concluded that "the Court of Appeals . . . exceeded its authority, for it is not the business of the courts to look beyond the plain meaning of the words of a clearly drafted statute in an attempt to divine the intent of the Legislature." *Id.* ¶ 5. The Court determined that the terms "any person" and "whoever" were not ambiguous and that the Court of Appeals'

5

interpretation of the statute unnecessarily and inappropriately "require[d] us to read the words 'adult' and 'human being' into phrases the Legislature used without limitation." *Id.* ¶ 7. It therefore held that "a minor can be prosecuted under [the CDM statute], and can be convicted of contributing to the delinquency of a minor." *Id.*

{8} But our Supreme Court did not stop there. It also held that, even if the statute were ambiguous, this Court's construction of it was incorrect. *Id.* ¶ 8. It stated that "the fact that the offense in question was placed in Article 6 of the Criminal Code among 'Crimes Against Children and Dependents' is utterly irrelevant to our consideration of who properly may be prosecuted under the statute." *Id.* It rejected dicta in cases stating that the statute protects children from harmful adult conduct. *Id.* ¶ 9; *see, e.g.*, *State v. Favela*, 1978-NMSC-010, ¶ 7, 91 N.M. 476, 576 P.2d 282 (per curiam), *overruled on other grounds by Pitts*, 1986-NMSC-011, ¶ 9. Finally, it stated that "the intent of the Legislature in enacting [the CDM statute] was to extend the broadest possible protection to children" and that it has "consistently rejected narrow constructions of the statute that would limit its usefulness in protecting children." *Pitts*, 1986-NMSC-011, ¶ 10.

{9} The statute at issue here mirrors the CDM statute. Section 30-6A-3(D) states:

> It is unlawful for *a person* to intentionally manufacture any obscene visual or print medium depicting any prohibited sexual act or simulation of such an act if one or more of the participants in that act is a child under eighteen years of age. *A person* who violates the provisions of this subsection is guilty of a second degree felony.

6

(Emphasis added.) We note that, prior to 2001, the statute read "[i]t is unlawful for any person . . ." and "[a]ny person who violates . . ." *Compare* § 30-6A-3(C) (1993) *with* § 30-6A-3(D) (2001). It is unclear why "any person" was replaced by "a person," but this change is a distinction without a difference. Given the similarities between the statute here and the CDM statute, and the Supreme Court's rejection of contentions nearly identical to those made by Defendant, we conclude that the holding in *Pitts* is dispositive of Defendant's statutory construction arguments. Given the clear and unambiguous language of our current version of Section 30-6A-3(D) (2007), no further construction is required: a minor may be prosecuted under this statute.

{10}   As to Defendant's assertion that the statute is unconstitutionally vague as applied to him, we disagree. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

{11}   Defendant argues that the statute here invites arbitrary enforcement because it permits prosecution of "child-participants" who are both perpetrator and victim. He points to an Ohio case in which the court held that Ohio's statutory rape statute was unconstitutionally vague. *In re D.B.*, 129 Ohio St. 3d 104, 2011-Ohio-2671, 950 N.E.2d 528, at ¶ 24. In that case, although several minors engaged in sexual conduct

7

with each other, only one was labeled the offender and prosecuted. *Id.* at ¶ 25. The Ohio Supreme Court stated:

> As applied to children under the age of 13 who engage in sexual conduct with other children under the age of 13, [the statutory rape statute] is unconstitutionally vague because the statute authorizes and encourages arbitrary and discriminatory enforcement. When an adult engages in sexual conduct with a child under the age of 13, it is clear which party is the offender and which is the victim. But when two children under the age of 13 engage in sexual conduct with each other, each child is both an offender and a victim, and the distinction between those two terms breaks down.

*Id.* at ¶ 24. The Ohio court concluded that "[t]he prosecutor's choice to charge [one child] but not [the other] is the very definition of discriminatory enforcement." *Id.* at ¶ 26.

{12}     Contrary to Defendant's assertion, however, the problem presented in *In re D.B.* is not present here. Defendant was convicted of "manufacturing" obscene media involving a participant under eighteen years of age under Section 30-6A-3(D). "Manufacture" is defined as "the production, processing, copying by any means, printing, packaging or repackaging of any visual or print medium depicting any prohibited sexual act." Section 30-6A-2(D) (2001). Defendant here was not a "child-participant" in consensual sexual activity—he was the manufacturer of images prohibited by statute. Hence, the distinction between perpetrator and victim was not blurred and the statute was not arbitrarily enforced.

**B.     Defendant's Double Jeopardy Rights Were not Violated**

{13} As his second argument, Defendant maintains that his right to be free of multiple punishments for the same conduct was violated when he was convicted of two counts of sexual exploitation of children and two counts of CSCM. **[BIC 23-25]** *See* U.S. Const. amend. V ("[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"); N.M. Const. art. II, § 15. "A double jeopardy claim is a question of law that we review de novo." *State v. Leeson*, 2011-NMCA-068, ¶ 10, 149 N.M. 823, 255 P.3d 401 (internal quotation marks and citation omitted).

{14} "The pivotal question in multiple punishment cases is whether the defendant is being punished twice for the *same offense*." *Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223. In unit of prosecution cases—in which "the defendant has been charged with multiple violations of a single statute based on a single course of conduct"—the question is "whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Id.* Our inquiry proceeds in two steps. "First, we review the statutory language for guidance on the unit of prosecution." *Leeson*, 2011-NMCA-068, ¶ 14 (internal quotation marks and citation omitted). To determine the unit of prosecution, "we ask how the Legislature has defined the scope of conduct composing one violation of the statute." *Id.* (alterations, internal quotation marks, and citation omitted). "If a statute's unit of prosecution is clearly defined, we must look no further than the face of the statute." *Id.* (internal

9

quotation marks and citation omitted). If, and only if, the language of the statute is unclear as to the proper unit of prosecution, we then "determine whether the different offenses are separated by sufficient indicia of distinctness." *Id.* (alteration, internal quotation marks, and citation omitted).

{15} We begin with the convictions for sexual exploitation of children. Defendant argues that, because he recorded the two videos as part of a single "continuous act," "he can only be adjudicated on one count of [s]exual [e]xploitation (by manufacturing)." In *Leeson*, this Court addressed the proper unit of prosecution for Section 30-6A-3(D), the same provision at issue here. Based on our examination of the statute and associated definitions, we determined that "the unit of prosecution for Section 30-6A-3(D)—the scope of conduct composing one violation of the statute—is readily discernible. A violation of the statute occurs where a criminal defendant intentionally produces or copies a photograph, electronic image, or video that constitutes child pornography." *Leeson*, 2011-NMCA-068, ¶ 17. Accordingly, we affirmed the district court's refusal to merge twenty counts of manufacture of child pornography into one where the defendant had taken twenty sexually explicit photographs of children. *Id.* ¶¶ 17, 20.

{16} Given the *Leeson* holding, we conclude that further analysis of whether the evidence here indicates that the two videos were taken during "continuous conduct" or not is unnecessary. *State v. Bernal*, 2006-NMSC-050, ¶ 14, 140 N.M. 644, 146 P.3d

10

289 ("If the statutory language spells out the unit of prosecution, then we follow the language, and the unit-of-prosecution inquiry is complete."). Section 30-6A-3(D) prohibits production of a video that constitutes child pornography and each video produced supports one conviction. *See Leeson,* 2011-NMCA-068, ¶ 17 (stating that "it is clear to us that each photograph [the d]efendant took of the child victims was a discrete violation of the statute").

{17}     Defendant also argues that he may be convicted of only one count of CSCM. Unlike the statute just discussed, in evaluating double jeopardy challenges to CSCM convictions, "it is assumed that the [L]egislature did not intend multiple punishments absent proof that each act in the course of conduct was in some sense distinct from the others." *State v. Haskins*, 2008-NMCA-086, ¶ 17, 144 N.M. 287, 186 P.3d 916 (internal quotation marks and citation omitted). Defendant's argument hinges on his assertion that there is not "sufficient indicia of distinctness" between the two acts of CSCM to support two convictions. *Swafford*, 1991-NMSC-043, ¶ 26. Generally, distinctness may be determined through assessment of "(1) the temporal proximity of the acts, (2) the location of the victim during each act and whether there was movement or repositioning of the victim, (3) the existence of an intervening event, (4) the sequencing of the acts, (5) the defendant's intent as evidenced by his conduct and utterances, and (6) the number of victims." *Haskins*, 2008-NMCA-086, ¶ 17.

{18}     Defendant argues that "whether there was a time delay of any significant length

between the videos was disputed" and "even if there was delay between the making of the two videos, such delay [is not] dispositive . . . since the temporal proximity of the two acts of manufacturing is but one factor to be considered." The first assertion is an attack on the district court's factual finding that there was a seven-hour delay between the making of the videos—and the two acts of touching depicted in the videos. "[W]e review the trial court's fact determinations under a deferential substantial evidence standard of review." *State v. Gallegos*, 2011-NMSC-027, ¶ 51, 149 N.M. 704, 254 P.3d 655 (internal quotation marks and citation omitted); *see also State v. Rodriguez*, 2006-NMSC-018, ¶ 3, 139 N.M. 450, 134 P.3d 737 (stating that "where factual issues are intertwined with the double jeopardy analysis, we review the trial court's fact determinations under a deferential substantial evidence standard of review"). "In doing so, we will not weigh the evidence or substitute our judgment for that of the trial court, and all reasonable inferences supporting the fact findings will be accepted even if some evidence may have supported a contrary finding." *Rodriguez*, 2006-NMSC-018, ¶ 3 (citation omitted).

{19} We conclude that the district court's finding is supported by the evidence. The district court heard testimony by a "computer crimes investigator and computer forensic examiner" who was admitted as an expert witness in computer forensics. The expert testified that the cell phone used to record the videos also recorded metadata about the videos, including the date and time the videos were created. Although he

admitted that the settings on the phone could be altered so that the date and time associated with the videos would be inaccurate, he testified that the time elapsed between the two videos would not be affected by such adjustments. He stated that he was "certain" the two videos were created approximately seven hours apart. The district court's finding is supported by this evidence.

{20} We also conclude that the span of time between the two incidents of touching indicates that two offenses occurred and, therefore, two convictions are appropriate. The "temporal proximity" between two acts may indicate that they are part of a single course of conduct. *Haskins*, 2008-NMCA-086, ¶ 18. On the other hand, "the greater the interval between the acts the greater [the] likelihood of separate offenses." *Id.* In *Haskins*, the defendant, a massage therapist, was convicted of three counts of CSCM for touching a minor's breasts, buttocks, and vulva during a massage session. *Id.* ¶¶ 1, 15. The Court stated that "[d]uring [the victim's] one-hour massage, [the d]efendant first massaged various parts of her body, then her breasts, then 'finished the rest of the massage,' concluding by touching her vulva. [The d]efendant then touched [the victim's] buttocks when he gave her a hug following completion of the massage." *Id.* ¶ 18. Even though the touching occurred within a period just over an hour, the Court concluded that "the three touchings were sufficiently separate in time to be considered separate offenses." *Id.* The *Haskins* court went on to assess the other factors, *id.* ¶ 17, and concluded that the three convictions did not violate double jeopardy. *Id.* ¶ 24.

13

{21}    Although we agree with Defendant that generally temporal proximity is only one factor to be considered, in this case the time lapse between the two instances of touching is dispositive. In contrast to the facts in *Haskins*, where all of the touching occurred within a relatively short period and evaluation of the other factors was necessary, here, nearly a full work-day elapsed between the first and second instances. Defendant's double jeopardy rights were not violated by two convictions for CSCM.

**CONCLUSION**

{22}    For the foregoing reasons, we affirm.

{23}    **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**